**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| SALVADOR ACEVEDO-MIRANDA, AKA Salvador Acevedo, | No. 11-71655 |
| Petitioner, | BIA No. A013-609-549 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2013[**]
Pasadena, California

Before: TROTT, LUCERO[***] and W. FLETCHER, Circuit Judges.

Salvador Acevedo-Miranda petitions for review of an order of the Board of

Immigration Appeals affirming an Immigration Judge's order of removal.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Carlos F. Lucero, Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Acevedo-Miranda argues that he cannot be removed because he has established derivative citizenship through his grandmother, a U.S. citizen born in the United States, via his mother, a U.S. citizen born in Mexico. We deny the petition.

During removal proceedings, "[i]f the petitioner claims to be a national of the United States and the court of appeals finds from the pleadings and affidavits that no genuine issue of material fact about the petitioner's nationality is presented, the court shall decide the nationality claim." 8 U.S.C. § 1252(b)(5)(A). "The burden of proof shall be upon the claimant . . . to establish the claimed citizenship by a preponderance of the evidence." 8 C.F.R. § 341.2(c).

Acevedo-Miranda cannot meet this burden because he cannot show that his mother transmitted citizenship to him. The citizenship rules applicable to Acevedo-Miranda's mother required her to be "physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years" to transmit citizenship to Acevedo-Miranda at birth. 8 U.S.C. § 1401(a)(7) (1958). Acevedo-Miranda's mother turned fourteen on August 12, 1955. Acevedo-Miranda was born on August 20, 1960 — five years and eight days later. Consequently, if Acevedo-Miranda's mother was absent from the United States for more than eight days after she turned fourteen, she cannot transmit citizenship to

him.  In testimony before the Immigration Judge, Acevedo-Miranda's mother admitted she left the United States approximately three weeks before Acevedo-Miranda was born.  Thus, there are no genuine issues of material fact about whether Acevedo-Miranda's mother can transmit citizenship to him.

Because Acevedo-Miranda's mother cannot transmit citizenship to Acevedo-Miranda, we need not consider whether his grandmother transmitted citizenship to his mother.

**PETITION FOR REVIEW DENIED.**